UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL POWELL, | No. 2:17-cv-01035 KJM CKD PS |
| Plaintiff, | |
| v. | |
| TOMERY POWELL (DARLING), | ORDER & |
| Defendant. | FINDINGS AND RECOMMENDATIONS |

  This action was removed from state court. Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). The party invoking removal bears the burden of establishing federal jurisdiction. Hunter v. Philip Morris USA, 582 F.3d 1039 (9th Cir. 2009). Where it appears the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

  This action involves a family law matter that was addressed in a May 2016 Placer Superior Court decision following a trial on issues of child custody, child support, and a domestic violence restraining order. (ECF No. 1., Ex. A.) Defendant contends the action is properly removed under federal question subject matter jurisdiction. Removal based on federal question jurisdiction is proper only when a federal question is presented on the face of the plaintiff's

1

properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). There is no federal question presented in this family law matter.[1] Defendant has failed to meet the burden of establishing federal jurisdiction, and the case should be remanded. See generally Singer v. State Farm Mutual Automobile Insurance Co., 116 F.3d 373, 375-376 (9th Cir. 1997).

Further, family law disputes are domestic relations matters traditionally within the domain of the state courts, and it is appropriate for federal district courts to abstain from hearing such cases, which often involve continued judicial supervision by the state. See Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987). If plaintiff believes that the superior court judge's orders were erroneous, the proper recourse is appeal of those orders in the state appellate courts – not the filing of a new action in federal court.

////

---

[1] Moreover, a federal district court does not have jurisdiction to review errors in state court decisions in civil cases. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923). "The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case." Samuel v. Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997). See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attacking state court judgment because substantive defense improper under Rooker-Feldman). That the federal district court action alleges the state court's action was unconstitutional does not change the rule. Feldman, 460 U.S. at 486.

Claims raised in federal district court need not have been argued in the state judicial proceedings to be barred by the Rooker-Feldman doctrine. Id. at 483-84 & n.16. If federal claims are "inextricably intertwined" with a state court judgment, the federal court may not hear them. Id. "[T]he federal claim is 'inextricably intertwined' with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring). In sum, "a state court's application of its rules and procedures is unreviewable by a federal district court. The federal district court only has jurisdiction to hear general challenges to state rules or claims that are based on the investigation of a new case arising upon new facts." Samuel, 980 F. Supp. at 1412-13.

Plaintiff does not raise a general federal challenge to state law. See Branson, 62 F. 3d at 292. Stripped to its essence, this action is one for federal court review of state court proceedings. The court finds the instant action amounts to an attempt to litigate in federal court matters that are inextricably intertwined with state court decisions. Removal jurisdiction is therefore lacking over plaintiff's claims.

1     Defendant has also filed a motion to proceed in forma pauperis.  As it lacks the required explanation of income sources during the past twelve months and is otherwise incomplete, the application will be denied.

    Accordingly, IT IS HEREBY ORDERED that defendant's motion to proceed in forma pauperis (ECF No. 2) is denied.

    IT IS HEREBY RECOMMENDED that the above-entitled action be summarily remanded to the Superior Court of California, County of Placer.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 31, 2017

    /s/ Carolyn K. Delaney
    CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

2 / powe1035.remand